JUDGE FORREST



**15 CV 00335**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IONE LEWIS,

        Plaintiff,

    -against-

475 SOHO LLC d/b/a, Dos Caminos
B.R. GUEST HOLDINGS, LLC,
and BLDG 03, LLC,

        Defendants.

---

Case No.

**COMPLAINT**

ECF Case

**JURY TRIAL
REQUESTED**

     Plaintiff, Ione Lewis (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants 475 Soho LLC, d/b/a Dos Caminos ("475 Soho"), B.R. Guest Holdings, LLC ("B.R. Guest") (475 Soho and B.R. Guest may sometimes be referred to collectively as the "Restaurant") and BLDG 03 LLC, (the "Landlord") (the Restaurant and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

    1.    Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Restaurant's goods and services.

    2.    Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3.      Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its place of public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.      Plaintiff suffers from cerebral palsy and is primarily dependent on a wheelchair for mobility. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.      475 Soho and B.R. Guest are both domestic limited liability companies existing under the laws of the State of New York and they own and operate a restaurant and bar, open to the general public, known locally as Dos Caminos located at the premises known and designated as 475 West Broadway, New York, NY. (the "Property"). 475 Soho is the holder of the liquor license issued by the State of New York for consumption at the Property. The Landlord is a foreign limited liability company formed under the laws of the State of Delaware and is the owner of the Property. Upon information and belief, the Landlord is qualified to do business in New York.

## STATEMENT OF FACTS

9.      Plaintiff has passed the Restaurant with a desire to enter on a number of occasions, including during a recent visit to the area on September 13, 2014. Plaintiff is regularly in the vicinity of the Restaurant as she went to school in the neighborhood in 1997 and she has frequented the area ever since that time for shopping and dining.

10.     Plaintiff desires to dine at the Restaurant and to enjoy the cuisine and drinks offered there but she has been unable to enter the premises.

11.     When Plaintiff visited the Restaurant, she was able to observe others entering the premises, dining and drinking but she was not able to partake because, inter alia, the steps at the entrances prevented her from entering.

12.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the

3

New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law,

§ 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

Plaintiff also alleges claims for negligence.

13.    Plaintiff will continue to visit the area and will attempt to enter the Restaurant if

the barriers to her entry have been removed, permitting her to enjoy the facilities.

14.    The services, features, elements and spaces of the Restaurant are not readily

accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible

Design (the "2010 Standards").

15.    Upon information and belief, since January 26, 1992, the Restaurant has

undergone alterations that affected, or could have affected, the usability of part or the entire

Restaurant.

16.    According to the records of the New York City Department of Buildings, there

have been alterations to the building, including, but not limited to an application approved on

September 12, 2005, the precise scope and nature of which are presently unknown. Upon

information and belief, some of the alterations involved renovations which were sufficiently

extensive to require Defendants to comply with the requirements of the ADA and regulations

implemented thereunder to the maximum extent feasible.

17.    There are various violations of the ADA at the Restaurant, as more fully detailed

below (sections listed as violated refer to the 2010 Standards, unless otherwise noted):

The following violations of the ADA and the Standards are present at the main entrance to the

Premises:


a)    The step at the entry violates Standard 403.4 which requires the walking surface to

      comply with Standards 303 and 303.4 which requires rises over 1/2" to be ramped.

4

b)      There are no hand rails on both sides of the steps in violation of 2010 Standard 504.6 which requires handrails complying with 505 and 505.10, which requires handrails at stairs with extensions at top and bottom.

c)      The entrance fails to provide 60" minimum maneuvering clearance perpendicular to the outside open space of the doorway, and no changes in level within the maneuvering clearance, in violation of 404.2.4.

d)      The lack of clearance space between the enclosure door and the entry door violates 404.2.6. This Standard requires 48" plus the width of doors that swing into the space to be provided between doors in a series.

e)      Entrances do not comply with 404 and are not on an accessible route in compliance with 402. This is a violation of 206.4.

f)      There is no accessible means of egress as required by 207.

g)      The stairs at the entrance are in violation of Standard 210.1 which requires that stairs that are a part of means of egress be compliant with Standard 504.


The Restaurant also has an outside dining area, which has a separate entrance from the sidewalk in addition to the entrance from the interior of the Restaurant, and this area presents the following violations of the Standards:


h)      The presence of a step at the entry door violates 2010 Standards 303.4 which require that, within the maneuvering clearance, changes in level greater than ½ be ramped.

i)      There are no hand rails on both sides of the steps in violation of 2010 Standard 504.6 which requires handrails complying with 505 and 505.10, which requires handrails at stairs with extensions at top and bottom.

j)      The entrance to the outside dining area fails to provide a level 60" minimum maneuvering clearance perpendicular to the outside open space of the doorway in violation of 404.2.4.

k)      Inaccessible entrances do not provide the required directional signage indicating the closest accessible entry in violation of 216.

l)      There is no accessible means of egress as required by 207.

m)      The outside seating fails to provide a 36 inch aisle to maneuver a wheelchair within the area in violation of 403.5.1.

n)      There is no route which allows a person in a wheelchair to enter and be seated in the outside dining area, in violation of 206.2.2 and 206.2.4 and 206.2.5.


Inside the Restaurant there are several distinct sections. In the front behind the host's station there is a bar with high seats and several tables of the same height. In the rear of the space there is a dining area with standard height tables. The interior of the Restaurant and the lack of accessible seating present the following violations:


o)      The steps at the entry to the back dining area are in violation of 206.2 and 206.2.2 which require an accessible route to connect all elements and spaces within a site which are connected by a circulation path.

p)      The step at the entry to the rear dining area violates 403 and 403.4 which requires the walking surface to comply with 303 and 303.4 which requires rises over 1/2" to be ramped.

q)    The stairs to the rear dining area do not have railings in violation of 505 and 505.2 which require railings on both sides of the stairs which extend past the top and bottom stair treads.

r)    The Restaurant fails to provide an accessible route to all dining areas in violation of 206.2.5.

s)    5% of the total restaurant seating is not compliant with 226.1 and is not dispersed throughout the restaurant as required by 226.2.

t)    There are no tables that are of the type which allows a person in a wheelchair adequate knee and toe clearance as required by 306.2.1, 306.2, 306.3.1, and 306.3.3.

u)    The dining areas do not comply with 902.1, 902.2 and 902.3 which requires a clear floor space complying with 305 positioned for a forward approach and knee and toe clearance complying with 306 at the accessible tables.

v)    None of the seating provides clear floor space complying with 305, including knee and toe clearance, complying with 306, as required by 305.4.   Space under an accessible element must comply with 306.1.

w)    The height of the bar and surrounding tables violates 902, specifically 902.1, 902.2 and 902.3 which requires that a portion of the bar counter be 34" high maximum and allow for a forward approach complying with 305.


The Restaurant contains one unisex restroom on the main floor. This restroom can be accessed without traversing any steps in the interior of the space. However, this restroom also presents the following violations:

x)     The door handle on the bathroom is the round knob style, in violation of 404.2.7. This standard requires that operable parts on doors must comply with 309.4, which requires that operable parts must be operable with one hand and must not require tight grasping, pinching, or twisting of the wrist.  602.3 requires operable parts to comply with these Standards.

y)     The toilet paper holder is too far away from the toilet for a person with limited mobility to use it, in violation of 604.7.

z)     The Restroom fails to comply with 603, as required by 213.2.

aa)    The mirror in the Restroom is too high, in violation of 213.3.5 and 603.3.

bb)    The trash can at the entry door obstructs entry and creates a problem whereby there is no clearance at the door as required by 404.

cc)    There is no clear floor space complying with 305 at the blow drier so it may be properly approached.


## FIRST CLAIM FOR RELIEF

(Americans with Disabilities Act)

18.     Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

20.     The Property contains a public accommodation, to wit, the Restaurant. 42 U.S.C. § 12181(7)(B).

21.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.      Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.      Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.      Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Restaurant to individuals with disabilities;

d.      Failing to design and/or construct the Restaurant so that it is readily accessible to and usable by individuals with disabilities;

e.      Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f.      Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area(s) are readily accessible to and usable by individuals with disabilities; and/or

g.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22.     Defendants could have removed the illegal barriers at the Restaurant by: (i) ramping the step at the entrance or providing a lift; (ii) providing ADA-compliant seating and tables at a minimum of 5% of the tables in each section of the dining room, including the outside dining area; (iii) lowering a 36-inch wide section of the bar to a height of 34 inches or less; (iv)

9

ramping the step between the interior of the Restaurant and the outside dining area; and (v) altering the first floor unisex restroom so that it is compliant.

23.     The foregoing suggestions are not meant as exclusive but simply provide a means of remedying the ADA violations present.

24.     However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Restaurant, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

25.     Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

**SECOND CLAIM FOR RELIEF**

(Violation of New York State Executive Law)

26.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

28.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

29.     The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

30.     The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

31.     It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

32.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

33.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

34.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by  directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

36.     The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

37.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

38.     The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

39.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40.     The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

41.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

42.     The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

43.     By refusing to make the place of public accommodation accessible, the Restaurant has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.   The Restaurant's unlawful profits plus interest must be disgorged.

44.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

## FOURTH CLAIM FOR RELIEF

### (Violations of New York State Civil Rights Laws)

45.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     The Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

47.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

48.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CLAIM FOR RELIEF

(Common Law Negligence)

49.     Plaintiff realleges and incorporates by this reference all allegations set forth in Paragraphs 1 through 48 in this Complaint as if fully set forth herein.

50.     The Defendants have negligently designed, constructed, repaired, maintained and operated their place of public accommodation located at the Property in a manner that has rendered it inaccessible to the disabled Plaintiff.

51.     At all relevant times, the Defendants had a duty to design, construct, repair, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff.

52.     The Defendants breached their duty by negligently designing, constructing, repairing, maintaining and operating their place of public accommodation in a manner that has rendered it inaccessible to the disabled Plaintiff.

53.     The Defendant's failure to design, construct, maintain and operate their place of public accommodation in a manner that is accessible to the disabled Plaintiff has proximately caused Plaintiff to be unable to enjoy full and equal access to the Defendants' place public accommodation.

54.     The Defendant had actual and constructive notice that its place of public accommodation is not accessible to the disabled. The inaccessibility of the Defendants' place of public accommodation is visible, open, obvious, and apparent and has existed for a sufficient length of time for the Defendants to discover and remedy this condition.

55.     As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

56.     Plaintiff will continue to experience unlawful discrimination as a result of the Restaurant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Restaurant to alter and modify its place of public accommodation and its policies, practices and procedures.

57.     Injunctive relief is also necessary to make the Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the step at the entrance, or otherwise provide an accessible means of entry to the Restaurant.

## DECLARATORY RELIEF

58.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

59.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights

15

of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures;

      B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

      C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

      E.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

      F.     Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

      G.     Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

      H.     Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

      I.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

      J.     For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated: January 15, 2015

Frederic S. Rosengarten, Esq. (1683)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606